## Frame *versus* William Penn Coal Co.

1. If one deals *bona fide* with an agent, as owner, without knowledge of his agency, he may set-off any claim he may have against the agent in answer to the demand of the principal.

2. A. and B., as agents of C., having furnished certain goods to D., C. sued D. for the price thereof. D. having a claim against A. and B. desired to prove that he had dealt with them as principals, in order to enable him to make use of his claim against them as a set-off against C. He was asked on the trial, accordingly, " to state what knowledge he had that A. and B. were dealing as principals or agents," but his answer was excluded on the ground that the question of his knowledge as to A. and B.'s true character should be proved only by facts and circumstances from which the jury might draw inferences. *Held*, that this exclusion was error, and that if defendant had no knowledge of the agency, it was competent for him to testify to that effect.

3. Letters containing particular admissions, may be put in evidence though unaccompanied by the letters in answer to which they have been written.

February 28th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Berks county*: Of January Term 1879, No. 220.

This was an action of assumpsit, originally brought by Pollock & Medlar, for the use of the William Penn Coal Company, against Conrad Frame, to recover $120.30, the price of certain coal shipped from the company's mines in Schuylkill county to the defendants at Reading. Before the trial, the record was amended by striking out the names of Pollock & Medlar, leaving the William Penn Coal Company to stand as sole plaintiff.

On the trial, before SASSAMAN, A. L. J., the defendant did not deny the receipt of the coal, nor dispute the quantity or price, but claimed that he had purchased the same from Pollock & Medlar, against whom he had a set-off, and not from the William Penn Coal Company. The plaintiffs proved that Pollock & Medlar were their agents at Pottsville for the sale of coal; that the plaintiffs shipped the coal in question to the defendant at Reading through Pollock & Medlar, accompanied by a printed ticket and bill of lading showing whose coal it was; that the bill for the coal was sent to the defendant by Pollock & Medlar; that plaintiffs' mode of doing business was to enter the coal on their books to the purchaser it was sent to, and make out bills to their agents, Pollock & Medlar, and charge them with the coal shipped; that the agents then made out bills to the purchaser in their own names; that the company held the agents in the first instance for the collections, and if they were unable to collect, the company proceeded to do so.

The superintendent of the company was asked on cross-examination: Q. " If the bills of coal sold by agents are afterwards not collectable by the company, are the agents liable to the company

1 OUTERBRIDGE—20

[Frame *v.* William Penn Coal Co.]

for the amount?" Objected to, and ruled out, as not properly cross-examination, and as irrelevant to the issue. (First assignment of error.)

The defendant's counsel offered to prove that the defendant did not know that Pollock & Medlar were acting as agents in the selling of the coal in question, but that he dealt with them as principals, and that he did not know the William Penn Coal Company in the transaction.

In support of this offer, he asked the defendant, on the witness stand: Q. "State what knowledge you had that Pollock & Medlar were dealing in these sales of coal, as principals or agents?" Objected to, because knowledge of the witness would be an inference and not a fact. Whether he was dealing with Pollock & Medlar as agents or as principals is an inference to be made by the jury from the facts proved. The question is not what the defendant actually knew, but what he was bound to know from the circumstances.

The Court: Facts and circumstances should be proven to show the manner in which Pollock & Medlar dealt, and it should be for the jury to conclude whether the facts and ostensible circumstances of the manner and dealing would induce knowledge of principalship or agency in the mind of a man of average intelligence. This form of putting the question is rejected. (Second assignment of error.)

The defendant's counsel further offered to prove delay by Pollock & Medlar in the fulfilment of another contract of purchase of coal by the defendant, whereby the defendant sustained damages to the amount of $140, which he claimed to set off against the plaintiffs' demand. In support of this offer, he offered in evidence three letters from Pollock & Medlar to the defendant, explaining the cause of such delay. Objected to, because defendant's previous letter to Pollock & Medlar, to which one of the letters offered was a reply, had not been given in evidence, and because irrelevant. Objection sustained, and letters excluded; exception. (Third assignment of error.)

Verdict and judgment for the plaintiff for $142.22. The defendant took this writ of error, assigning for error the rejection of evidence as above set forth.

*A. G. Green,* for the plaintiff in error.—To sustain the defence it was incumbent on us to show two facts: (1.) That Frame, the defendant, dealt with Pollock & Medlar as principals, and not as agents, and that even if it were shown that they were agents of the William Penn Coal Company, the defendant had no knowledge of such agency. (2.) That Frame had a valid claim against Pollock & Medlar, growing out of the non-fulfilment of another contract, exceeding the amount for which suit was brought. The

[Frame v. William Penn Coal Co.]

question to the defendant intended to elicit his ignorance of the fact of agency, was in proper form, and should have been admitted. The letters from Pollock & Medlar, signed by them, were admissible as admissions, and it was not necessary to produce the entire correspondence between the parties, or the letters from the defendant to which they were replies. This was for the plaintiff to do in rebuttal if he saw fit: Barrymore v. Taylor, 1 Esp. 327; De Medina v. Owen, 3 C. & K. 72; North Berwick Co. v. Ins. Co., 52 Me. 336; Haywood Rubber Co. v. Duncklee, 30 Vt. 29; Crary v. Pollard, 14 Allen 285; Stone v. Sanborn, 104 Mass. 319; Lester v. Sutton, 7 Mich. 331; Newton v. Price, 41 Ga. 186; Wiggin v. Railroad, 120 Mass. 201.

*Samuel L. Young*, for the defendant in error.—The plaintiff proved, in the first instance, that the defendant had knowledge or notice that the coal belonged to and was shipped by the William Penn Coal Company, from the ticket and bill of lading accompanying the coal. The question put to him in relation to his knowledge of the agency was in improper form, as tending to draw out in answer his construction or opinion of the existence or absence of knowledge or notice. This was an inference for the jury to draw from facts and circumstances to be testified to by the defendant: 1 Phillips on Ev. 778; Given v. Albert, 5 W. & S. 333. The defendant offered three isolated letters from Pollock & Medlar to prove delay in the fufilment of an alleged contract, which contract was not definitely proved, and without offering his letters to which these were answers. This incomplete and partial offer was properly excluded: 1 Greenl. on Ev., sect. 201; 1 Whart. on Ev., sects. 617–20; Watson v. Moore, 1 C. & K. 626; Holler v. Weiner, 3 Harris 242; McCully v. Barr, 17 S. & R. 445; Nesham v. Selby, L. R., 13 Eq. 191.

Mr. Justice Paxson delivered the opinion of the court, March 21st 1881.

This action as it stood in the court below at the time of the trial was a suit by the William Penn Coal Company to recover the price of eight car loads of coal shipped to the defendant by Pollock & Medlar, plaintiff's agents. The receipt of the coal was not denied by the defendant, but he alleged and offered to prove that he dealt with Pollock & Medlar as principals, and had no knowledge that they were plaintiff's agents, or that the coal in question belonged to plaintiff; that he made a contract with Mr. Medlar, one of the firm, about August 1st 1873, for two boat loads of Peach Mountain Chestnut coal at $2.08; that Pollock & Medlar delayed sending said coal from time to time; that after repeatedly failing to do so, they finally, on the 25th of August, notified the defendant that they could not do so; that coal of the quality contracted for had

[Frame *v.* William Penn Coal Co.]

risen in price at least forty cents, and that in consequence of said failure and rise, the defendant sustained damages to the amount of at least $140, which he claims to set off against the plaintiff's demand.

It is familiar law that if one deal bona fide with an agent, as owner, without knowledge of his agency, he may set off any claim he may have against the agent in answer to the demand of the principal: Story on Agency, sects. 420, 421; 2 Kent's Comm. 632, where numerous authorities are collected. While the court below appears to have recognised this principle, the defendant was nevertheless deprived of all practical benefit of it by the ruling out of his evidence for other reasons. Thus, in the second specification, the question was rejected because of its form. The defendant being on the stand was asked by his counsel, " State what knowledge you had that Pollock & Medlar were dealing in their sales of coal as principals or agents." The court excluded the answer to this question upon the ground that defendant could not state his knowledge of the agency, but must show facts and circumstances from which the jury may infer the fact of such knowledge. The error of this ruling is manifest. If the defendants had no knowledge of the agency, the absence of such knowledge was of itself a fact which it was competent for him to state. The direct question might well have been asked. Its modification tended merely to draw out his sources of information, which was at most an anticipation of cross-examination. The fact that the defendant had no knowledge of the agency was an essential preliminary of his defence. Conceding such knowledge it would have availed him nothing to have established the remainder of his offer.

It was also error to exclude the letters referred to in the third and fourth specifications. Assuming, as we must, for the purposes of this case, that the defendant had no knowledge of the agency, they were links in the chain of the defence. The objection that the letters had not been given in evidence to which those offered were replies, is not tenable. The rule is correctly stated by Mr. Wharton, in his work on Evidence at sect. 1127 : " Nor is it an objection that the letters are insulated—a letter containing a particular admission may come in by itself; nor is it necessary in such case that the whole pertinent correspondence should be put in." The letters in question were offered to show delays in the shipment of coal, and they were some evidence of such delay.

We do not regard the evidence referred to in the first specification as material, and its rejection was not error.

Judgment reversed, and a *venire facias de novo* awarded.