## The Finn-Vipond Construction Co., Limited, *v.* A. R. Wolf, Appellant.

*Set off of claim against agent on suit by principal.*

If one deals bona fide with an agent as owner without knowledge of his
agency he may set off any claim he may have against the agent in answer
to the demand of the principal.

Argued Oct. 25, 1899. Appeal, No. 126, Oct. T., 1899, by
defendant, from judgment of C. P. Blair Co., March T., 1899,
No. 62, on verdict for plaintiff. Before RICE, P. J., BEAVER,
ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ.
Reversed. Opinion by W. W. PORTER, J.

Assumpsit. Before LYONS, P. J., of the 41st judicial dis-
trict, specially presiding.

It appears from the record that the defendant contended that
in the latter part of July, 1898, he contracted verbally with one
P. W. Finn for certain paving and curbing. The price agreed
upon was $255.10. The defendant at the time had a book ac-
count against Finn of $148.19, for hardware furnished him at
defendant's store. He was also liable on three several notes of
Finn as indorser, aggregating $270. Plaintiff contended that

the contract was made with it as a company through Finn, as an officer of the company.

On the trial it appears from the record that the court rejected defendant's offers to show that he dealt with P. W. Finn as principal and with no knowledge or notice that he was acting as agent for plaintiff company; also offers to show that Finn was conducting and had been conducting a similar business, and that he was personally indebted to defendant.

Defendant submitted certain points, which points and answers were as follows:

[1. If Finn, when entering into the contract with the defendant, Wolf, did not disclose to Wolf the fact, that he, Finn, was representing the firm of the Finn-Vipond Construction Company, and if Wolf entered into the contract with the belief that it was with Finn alone that he was dealing, the defendant is entitled to a set-off for his entire account, including the notes paid. *Answer:* We answer that in this way: If Finn did not disclose to Wolf that the contract was made by him on behalf of the Finn-Vipond Construction Company, and Wolf had no knowledge of that fact, and therefore made the contract believing that he was contracting with Finn alone, then there can be no recovery in this case. The plaintiff does not seek to recover upon a contract made by Finn as its agent, but seeks to recover upon the contract which they allege was made with the firm, through Finn, as one of the members of the firm.] [24]

[2. Finn's failure to disclose the fact of his agency at the time entitles the defendant, Wolf, to a complete set-off for his entire account, including the notes. *Answer:* This is refused. The notes were not admitted in evidence and why they are now contained in this point we do not understand.] [25]

[3. Finn, having been indebted to the defendant, Wolf, at the time of the contract in the sum of $149, for goods sold and delivered him individually by the defendant, and the defendant having been at the time on Finn's notes to the amount of $270 about to become due, and which the defendant was expecting to be required to pay, said notes having also been drawn by Finn in his individual name, this, coupled with the fact that Finn was also at the time carrying on business individually, was sufficient to justify the defendant in presuming that Finn was acting for himself in the matter, and nothing

short of an explicit statement at the time from Finn that he was not contracting for himself, but for the Finn-Vipond Construction Company, could deny the right of the defendant to set off his entire account, including the notes paid. *Answer:* This point assumes facts that are not in evidence in the case, refers to them as being in evidence, when expressly ruled out by the court, and you cannot consider them in the case. It is refused.] [26]

[4. If the defendant believed at the time that he was contracting with Finn, individually, that if Finn did not disclose his agency at the time, the defendant is entitled to all the benefits of that contract, with all its incident rights of set-off, regardless of what plaintiffs may now allege was said or done by either Finn or Vipond during the progress of the work. *Answer:* This point is refused. The plaintiff does not seek to recover upon a contract made with Finn as an agent who did not disclose his agency.] [27]

[6. If the jury believe that Wolf, because of the indebtedness to him by Finn, of $149, on a book account, and because of his being on Finn's notes to the amount of $270, about to come due, and which he, Wolf, was expecting to be required to pay, contracted with Finn to do certain paving and curbing, on the belief and supposition that he, Wolf, could set off against said paving and curbing his book account and the said notes he would be required to pay, and was led to that belief by the conduct of Finn, at the time the contract was entered into, then the plaintiffs cannot now pull off the mask, and claim payment to the firm for a debt supposed by Wolf to be due to Finn alone, and deny defendant the same advantage and equities in his defense as he would have had in an action brought by Finn solely. *Answer:* This we refuse. The point refers to matters not in evidence or admitted in the case.] [28]

[7. If the jury believe that Finn only was dealing with Wolf, the defendant, when entering into the contract, and that the circumstances were such as to show that Finn was acting and dealing with the defendant on his own account, as a principal and not as agent, then in that case the contract as entered into must be treated as an individual contract with Finn alone, and not as a contract with him as an agent for the firm, and the defendant is entitled to a complete set-off of his account, in-

cluding the notes paid. *Answer:* We affirm this point, except as to the notes paid. There is no evidence that any notes were paid by the defendant in this case before you, and the amount of the book account was admitted.] [29]

[9. Finn being in business for himself at the time of the contract had a perfect right to enter into the contract individually, and then sublet the work to the Finn-Vipond Construction Company, or to any other party, and the defendant would still be entitled to a complete set-off of his entire account, including the notes by him paid. *Answer:* This point is refused for the reason that it assumes facts not in evidence.] [30]

Verdict and judgment for plaintiff for $107.22. Defendant appealed.

*Errors assigned* among others were (24–30) answers to defendant's points, reciting same. Errors also were assigned to the ruling of the trial judge on the defendant's offer to show that he dealt with P. W. Finn as principal and with no knowledge or notice that he was acting as agent or otherwise for plaintiff company; that Finn was conducting and had been conducting a similar business, and that he was indebted to defendant.

*E. H. Flick*, with him *M. M. McNeil*, for appellant.—As to assignments of error twenty-four to thirty, taken because of the court's refusal to affirm each of the points covered thereby, the same may be briefly argued together. We maintain that each of these points should have been affirmed without qualification.

It mattered not to the defendant upon what the plaintiffs based their claim. Though the contract may have been for the Finn-Vipond Construction Company, if Finn did not disclose to the defendant his principal, the defendant was still entitled to set off his notes: Parker v. Donaldson, 2 W. & S. 9.

An undisclosed principal may sue, although of course he must allow any set-off due from the agent to the party who dealt with him as principal: Hart v. Serrill, 1 W. N. C. 472; Ward v. Leviston, 7 Blackf. (Ind.) 466, cited from Lindley on Partnership, 467.

If a factor sells goods in his own name without disclosing his agency, in an action by the owner for the price, the purchaser may set off a debt owing to him by the factor: Parker v. Donaldson, 2 W. & S. 9.

Both the rulings and instructions of the court were well calculated to mislead the jury and to divert their minds from a proper consideration of the real question at issue, and thus prejudice the defendant's case. In this we submit there was error.

*O. H. Hewitt*, with him *R. W. Smith*, for appellee.—In the case at bar the negotiations between the defendant and P. W. Finn, the plaintiff's chairman, were of the ordinary, every day character, common to the transaction of business between an individual and a limited partnership association. Contracts between such parties are almost never made except through the chairman or other authorized officer of the partnership association, and that the defendant understood that the contract in this case was made with the plaintiff is clearly indicated by the fact that at the time it was made the only indebtedness upon the part of Finn to the defendant Wolf was the open book account which was provided for, the notes upon which Wolf was indorser not being due, and one of them, that dated October 21, 1898, not being executed until after the contract was entirely finished.

It is to be noted, also, that even if the law sought to be invoked by the defendant at the trial was applicable to the facts of this case, the court's rejection of it was harmless error. The utmost that the defendant could effect by the application of the principle of law contended for was a set-off of the notes, to the extent of the amount claimed by the plaintiff in the case, for a judgment for the excess amount of the notes over the amount of plaintiff's claim could not have been certified for lack of proper parties to the action. The court instructed the jury that if the contract was not made by the defendant with the plaintiff, the Finn-Vipond Construction Company, Limited, then the plaintiff could recover nothing in the action.

Now, was the charge of the court unduly biased in plaintiff's favor, or inadequate upon the facts, as is claimed by the appellant?

We think the principle of law announced by this Court in Walton v. Caldwell, 5 Pa. Superior Ct. 143, is applicable to the facts here. Again, at the most, the court's remarks amounted to an opinion upon the evidence in the case, and where such

an opinion is not made binding upon the jury it is not assignable for error.

As was said by Chief Justice GIBSON in Porter v. McIlroy, 4 S. & R. 436, 441: "On the facts, he delivered a pointed opinion in favor of the plaintiffs ; but as it was given merely as opinion and not as a direction binding on the judgment of the jury, it would not, even if wrong, be, on that ground, the subject of error."

OPINION BY WILLIAM W. PORTER, J., January 17, 1900:

The defendant is sued by a limited company.  The contract was made between the defendant and one, Finn, who claims to be a member of that company.  The plaintiff says the contract was made on behalf of the company.  The defendant says it was made with Finn as an individual.  If Finn acted as an individual, the defendant claims to have a set-off against him, whereas, if the plaintiff partnership was the original and known contracting party, this set-off cannot be utilized.  The testimony for the plaintiff shows that it was represented in the making of the contract by one of its members.  If the representative capacity of Finn was not disclosed or known to the defendant, the latter was entitled to prove any legal set-off he might have, even as against the plaintiff company.  It is but just to the trial judge to say that the defendant does not seem to have put this proposition in form before the court until presenting points of charge.  The offers of proof and the rulings requested, however, involved a consideration of this aspect of the case.  It was not possible, in view of the offers of proof by the defendant, to limit the issue strictly to the question, whether the contract was made with the plaintiff company, or with Finn, individually.  The fact that the plaintiff company acted through one of its members was proved by the plaintiff.  When, therefore, the defendant offered proof of set-off as against Finn, with whom it is claimed he made the contract, alleging ignorance of any connection of Finn with the plaintiff company, such proof should have been received and submitted to the jury under proper instructions from the court.  "It is familiar law that if one deal bona fide with an agent as owner, without knowledge of his agency, he may set off any claim he may have against the agent in answer to the demand of the principal:" Frame v. Coal Co., 97 Pa. 309.

We are of opinion further that evidence was admissible on the part of the defendant showing that Finn was doing, as an individual, the kind of work which he had contracted to do for the defendant, at and about the time the contract in suit was made, and that this was known to the defendant. This would go in support of the defendant's contention that Finn was acting in his individual capacity. What has been said makes it unnecessary for us to pass upon each of the thirty assignments of error filed. The errors discussed run through a number of the assignments, and such of the latter as are to rulings inconsistent with this opinion are sustained. As the case must go back, we have endeavored to express our views of the law applicable to its retrial.

We note that no less than five of the assignments of error, based on alleged bills of exception sealed at the trial, are by the record shown to be without such exception. Such an error in the preparation of the appellant's paper-book is inexcusable.

The judgment is reversed and a new venire is awarded.