## Gellatly Fruit Company v. Rothstein, Appellant.

*Agency—Disclosure of principal—Right of set-off.*

In an action of assumpsit to recover the price of a carload of apples the question of whether or not the broker who sold the apples was dealing for himself or a disclosed principal was for the

Syllabus—Opinion of the Court. [83 Pa. Superior Ct.

jury. Where the jury has decided on competent, although disputed, evidence that the defendant had knowledge of the broker's agency, he has no right to set-off, in answer to the plaintiff's demand for the purchase price of the apples, a claim against the broker.

Argued October 12, 1923. Appeal, No. 234, Oct. T., 1923, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1922, No. 3489, on verdict for plaintiff in the case of Gellatly Fruit Company v. Henry Rothstein and Max Rothstein, Trading as H. Rothstein & Sons. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for breach of contract. Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,655.73, and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal of defendant's motion for judgment non obstante veredicto.

*Miller K. Goe,* and with him *Frank A. Chalmers,* for appellant.—One who permits another to hold himself out to the world as the sole owner of personal property, is estopped from asserting title, as against the creditors of the latter: O'Connor v. Clark, 170 Pa. 318; Frame v. William Penn Coal Co., 97 Pa. 309; Construction Co. v. Wolf, 12 Pa. Superior Ct. 317; Belfield v. Supply Co., 189 Pa. 189, 31 Cyc. 1601.

*Edmund W. Kirby,* of *Morris & Kirby,* for appellee.

OPINION BY PORTER, J., February 29, 1924:

The plaintiff company brought this action to recover the price of a carload of apples sold through its agent, Robert E. Lott a fruit broker, to the defendants. The

purchase and receipt of the apples was not denied by the defendants, but they allege that they dealt with Lott as principal and owner, had no knowledge that he was acting as plaintiff's agent, and asserted the right to set off a claim which they had against Lott, arising out of earlier transactions in answer to the demand of the plaintiff company. It is well settled that if one deal bona fide with an agent, as owner, without knowledge of his agency, he may set off any claim he may have against the agent, in answer to the demand of the principal: Frame v. William Penn Coal Co., 97 Pa. 309; O'Connor v. Clark, 170 Pa. 318. The difficulty with the position of these defendants is, however, that the finding of the jury has determined against them the controlling fact, upon which their right to invoke this legal principle depended. It was an undisputed fact that the sale of the car of apples was effected in a telephone conversation between the defendants and Robert E. Lott. Lott, whose deposition was taken and read, testified specifically, that in that conversation he told the defendants that the apples were the property of the plaintiff, that his connection with the sale was that of a broker, that the plaintiff was sustaining a heavy loss on the sale of the car, to which the defendants replied that "on account of the fact that I knew them better than I knew Gellatly, that I ought to give them a chance to make money and reduce the price to three dollars, because it was a price which Gellatly ought to be satisfied with." This testimony was corroborated by the witness Gore, who testified that he was listening in on the telephone conversation. This testimony was directly contradicted by Max Rothstein, one of the defendants, who testified that Lott had said nothing about the car being the property of the Gellatly Fruit Company, and that he knew nothing about the Gellatly Fruit Company, until informed by Lott, a day or two after the sale and delivery of the car of apples. The learned judge of the court below charged the jury that if this was an out

and out sale between Rothstein and Lott and that Rothstein knew nothing about the Gellatly Fruit Company in the transaction, the verdict should be for the defendants but if they believed that Lott did notify Rothstein that they were selling the apples for the Gellatly Fruit Company the verdict should be for the plaintiff. The jury believed the testimony of Lott and Gore and rendered a verdict in favor of the plaintiff.

The fact that the defendants had notice that Lott was acting as broker for the plaintiff company at the time the sale was effected took out of the case any question as to the indebtedness of Lott to the defendants. The attempt of the defendants to set up as a defense any agreement made between them and Lott several months after this action was brought by the plaintiff was not worthy of serious consideration.

The judgment is affirmed.